IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES V. FRAZIER,

                              Petitioner,

        v.                                                OPINION and ORDER

UNITED STATES OF AMERICA,                                 24-cv-272-jdp

                              Respondent.

        In 2007, James V. Frazier was convicted of distributing and possessing with intent to distribute five grams or more of crack cocaine. *United States v. Frazier*, No. 06-cr-221-bbc (W.D. Wis.). Frazier filed a series of unsuccessful collateral challenges to his conviction and sentence before his eventual release. Now Frazier, without counsel, moves for a writ of coram nobis declaring his convictions invalid because (1) he was forced to represent himself at trial; and (2) under *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), his sentence enhancement under 21 U.S.C. § 851 is no longer valid because his prior Illinois drug conviction does not qualify as a prior "felony drug offense." Dkt. 1.[1] I will dismiss the petition without serving it on the government because it is clear that Frazer is not entitled to relief.

        A petition for writ of coram nobis is similar to a habeas corpus petition; they grant the same type of relief. *United States v. Bonansinga*, 855 F.2d 476, 478 (7th Cir. 1988). But coram nobis relief is available only when a defendant is no longer in custody and thus can no longer be granted habeas corpus relief. *Stanbridge v. Scott*, 791 F.3d 715, 720 n.3 (7th Cir. 2015).

---

[1] The court has opened Frazier's petition under a new case number, as it would for a petition for writ of habeas corpus.

Because Frazier is no longer in custody, a writ of coram nobis is the appropriate relief for him to seek.

A writ of coram nobis is available only in "extraordinary cases" when (1) there is an error so fundamental as to render the conviction invalid; (2) there are sound reasons for the petitioner's failure to seek relief earlier; and (3) the petitioner continues to face adverse consequences from his conviction despite no longer being in custody. *United States v. Delhorno*, 915 F.3d 449, 452–53 (7th Cir. 2019). A coram nobis petition cannot be used to relitigate issues already raised in a previous collateral attack and rejected. *See United States v. Hassebrock*, 21 F.4th 494, 498 (7th Cir. 2021).

Frazier's petition is brief but I take him to be raising two claims. First, he contends that he was improperly forced to represent himself at trial. But Frazier already raised this issue long ago in a petition under 28 U.S.C. § 2255 and this court rejected it. *United States v. Frazier*, No. 06-cr-221-bbc, 2011 WL 13305258, at *2 (W.D. Wis. Feb. 10, 2011). I cannot reconsider that decision in a coram nobis petition. *Hassebrock*, 21 F.4th at 498.

Second, Frazier says that he is challenging a sentence enhancement under 21 U.S.C. § 851; he states that his prior Illinois drug conviction no longer qualifies as a prior "felony drug offense" under *Ruth*. But my review of the sentencing transcript shows that Frazier's sentence wasn't enhanced under § 851; he was sentenced as a career offender under § 4B1.1 of the Guidelines. *See* Dkt. 103 in Case No. 06-cr-221-bbc. Frazier already challenged that career offender enhancement in a habeas corpus petition under § 2241 and was unsuccessful. *Frazier v. Kallis*, No. 16-CV-1485, 2018 WL 6706664, at *1 (C.D. Ill. Dec. 20, 2018). In any event, Frazier cannot bring a challenge to his sentence in a coram nobis action because an incorrect sentence is not so fundamental an error as to render a conviction invalid. *United States v.*

*Wilkozek*, 822 F.3d 364, 369 (7th Cir. 2016) ("A fundamental error that invalidates a criminal proceeding is one that undermines our confidence that the defendant is actually guilty.").

Because Frazier does not show that he is entitled to relief, I will dismiss his petition.


ORDER

IT IS ORDERED that:

1. James V. Frazier's petition for writ of coram nobis, Dkt. 1, is DISMISSED.

2. The clerk of court is directed to enter judgment and close this case.

Entered April 26, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge